IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CHARLES VITITOE and LENA VITITOE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BRIDGESTONE AMERICAS TIRE ) <br> OPERATIONS, INC., ACCURIDE ) <br> CORPORATION, *formerly Firestone Steel* ) <br> *Products Division*, ACCURIDE DE MEXICO, ) <br> S.A. de C.V., FLEXI-VAN LEASING INC., ) <br> INTERMODAL BRIDGE TRANSPORT ) <br> INC. d/b/a IBT, ) <br> ) <br> Defendants. ) <br> _____ ) <br> FLEXI-VAN LEASING, INC., ) <br> ) <br> Defendant/ ) <br> Third Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INTERSTAR NORTH AMERICA, INC. ) <br> and CONTAINER MAINTENANCE ) <br> CORPORATION, ) <br> ) <br> Third Party Defendants. ) <br> _____ ) | No. 2:12-cv-1844-DCN <br><br> **ORDER** |

The following matter is before the court on third-party plaintiff Flexi-Van Leasing, Inc.'s ("Flexi") motion for judgment as a matter of law, or for a new trial, ECF No. 343. For the reasons set forth below, the court denies Flexi's motion.

## I. BACKGROUND

This action arises out of injuries former plaintiff Charles Vititoe ("Vititoe") incurred while attempting to repair a flat tire on an intermodal container chassis.

1

Defendant and third-party plaintiff Flexi is a Delaware corporation which, at all times relevant to the instant action, was in the business of leasing intermodal container chassis. Flexi owned the chassis involved in this action (the "Chassis"). In 2003, Flexi began leasing the Chassis to Zim America Israeli Shipping Co. ("Zim"), who then contributed the Chassis to the South Atlantic Consolidated Chassis Pool ("SACP") via a Master Contribution Agreement on October 1, 2008. Flexi contracted with SACP to act as manager of the pool. As manager, Flexi was required to enter into maintenance and repair contracts with vendors on SACP's behalf. ECF No. 177, Flexi Mot. Ex. B-6, at 22.

Acting in its capacity as manager, Flexi entered into a Master Maintenance and Repair Agreement (the "Repair Agreement") with third-party defendant InterStar in September 2009, pursuant to which InterStar agreed to provide maintenance and repair services for all chassis included in the chassis pool. ECF No. 184, InterStar Mot. Ex. A, Repair Agreement. InterStar further agreed that these services would be "performed in a professional, careful and workmanlike manner," and represented that had "the qualified personnel, equipment, expertise and experience to perform [such services] and its obligations under [the] [A]greement." Id. §§ 1.2, 5.1. The Repair Agreement also contained an indemnification provision, obligating InterStar to indemnify Flexi "from and against any and all" of the following:

> [C]laims, liabilities, suits, demands, causes of action, damages adjudged due or claims reasonably settled, penalties, fines, costs and expenses (including without limitation reasonable attorneys' fees) arising from or in connection with:
>
> (i) The negligence, gross negligence, or willful misconduct by [InterStar] or its employees, agents, subcontractors, or any other person or entity acting under [InterStar's] direction or control (collectively "Vendor Parties"); and

> (ii) The breach of this Agreement by any one or more of the Vendor Parties (including without limitation a breach of any of [InterStar's] representations, warranties, and covenants in this Agreement).

Id. § 6.2. The Repair Agreement was later amended to authorize InterStar to subcontract its duties under the agreement. Id. Thereafter, InterStar contracted with independent tire service vendors, including Vititoe, to perform the services required under the Repair Agreement.

On March 31, 2010, InterStar dispatched Vititoe to replace the right rear inner dual tire on the Chassis. To get to the inner dual tire, Vititoe was required to remove the outer dual wheel assembly (the "Wheel Assembly"). Allegedly, Vititoe did not fully deflate the outer dual tire before attempting to remove the Wheel Assembly. See Am. Compl. ¶ 21. Vititoe was using an impact wrench to loosen the lug nuts on the outer wheel when the Wheel Assembly explosively separated. Id. The force of the explosion caused the rim base and outer dual tire to break free from the axle and violently slam into Vititoe's head, face, and body. Vititoe was knocked backward approximately 15 feet and was rendered unconscious. As a result, Vititoe suffered various debilitating, life-threatening, and permanent injuries.

Vititoe and his wife, Lena Vititoe (together, the "Vititoes"), filed the current action in the Charleston County Court of Common Pleas in May of 2012. The case was removed to this court on July 3, 2012. The amended complaint was filed on August 23, 2012, bringing causes of action under South Carolina law for (1) breach of implied warranties, (2) failure to warn, (3) negligence, and (4) loss of consortium against Flexi.[1]

---

[1] The amended complaint also contained allegations against Bridgestone Americas Tire Operations, Inc., Bridgestone Americas, Inc., Bridgestone Industrial Products America, Inc., Accuride Corporation, Accuride de Mexico, S.A. de C.V., and Intermodal Bridge Transport, Inc., d/b/a IBT.

Am. Compl. ¶¶ 33–56.  On August 29, 2013, Flexi-Van filed a third party complaint against InterStar, bringing causes of action for (1) breach of contract, (2) contractual indemnity, (3) equitable indemnity, (4) negligent hiring, (5) negligent supervision, and (6) negligent training.  On December 14, 2015, the Vititoes' action against Flexi was dismissed pursuant to a settlement between the parties.  ECF No. 220.

On January 7, 2016, the third-party action was bifurcated from the Vititoes' claims against the remaining defendants.  ECF No. 233.  A trial on the third-party action was held from February 7, 2018 to February 9, 2018, with the jury returning a verdict for InterStar.  On February 28, 2018, InterStar filed an amended motion for attorney's fees and costs.  ECF No. 339.  On May 22, 2018, Flexi filed its response in opposition.  ECF No. 356.  On March 8, 2018, Flexi filed a motion for judgment as a matter of law, or alternatively for a new trial.  ECF No. 343.  InterStar responded on March 19, 2018.  ECF No. 345.  The court ordered the parties to re-submit their filings on this matter with citations to the transcript from the trial to support their claims regarding what evidence was introduced at trial.  On August 7, 2018, InterStar re-filed its response with proper citations.  ECF No. 373.  On August 9, 2018, Flexi refiled its motion with proper citations.  ECF No. 375.[2]  The motions have been fully briefed and are now ripe for the court's review.

---

[2] Any further references to Flexi's motion will be to ECF No. 375, and references to InterStar's response will be to ECF No. 373.

## II. STANDARDS

### A. Motion for Judgment as a Matter of Law

Under Federal Rule of Civil Procedure 50, "[i]f a party has been fully heard on an issue during a jury trial" and moves for judgment as a matter of law, the court may grant that motion if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(2). If the court does not rule on a motion for judgment as a matter of law during the trial, "the movant may file a renewed motion . . . and may include an alternative or joint request for a new trial under Rule 59" within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 50(b). In deciding upon a Rule 50 Motion, the court must consider "whether a jury, viewing the evidence in the light most favorable to [the non-movant], could have properly reached the conclusion reached by this jury," and will reverse only "if a reasonable jury could only rule in favor of the movant." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644–45 (4th Cir. 2002). "[I]f reasonable minds could differ, [the court] must affirm." Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (finding that courts should grant judgment as a matter of law only if "there can be but one reasonable conclusion as to the verdict").

### B. Motion for a New Trial

Rule 59 of the Federal Rules of Civil Procedure provides for the court to grant a new trial, on motion, "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). The Fourth Circuit has found that a court may grant a Rule 59(a) motion when "the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will

result in a miscarriage of justice." Mattison v. Dallas Carrier Corp., 947 F.2d 95, 100 (4th Cir. 1991) (internal quotation marks omitted). Courts should deny motions for a new trial "unless there were substantial errors in evidentiary rulings or jury charges, or unless the evidence . . . is so one-sided that reasonable people could not disagree on the verdict." Perrin v. O'Leary, 36 F. Supp. 2d 265, 266 (D.S.C.), aff'd, 165 F.3d 911 (4th Cir. 1998) (internal quotation marks omitted).

### III. DISCUSSION

The jury returned a verdict in favor of InterStar for every count, finding that Flexi failed to prove by a preponderance of the evidence that InterStar negligently hired and negligently failed to train Vititoe. In doing so, the jury determined that InterStar had not violated the terms of the Agreement and thus found that Flexi had failed to prove its breach of contract claim and its contractual indemnity claim. Flexi now asks the court to put aside the jury's verdict and grant it judgment as a matter of law or, in the alternative, a new trial. Flexi argues that it presented sufficient evidence from which a jury should have determined that InterStar did fail to properly vet and train Vititoe, and that Vititoe was negligent in failing to fully deflate the tire before loosening the lug nuts. The court disagrees and finds that sufficient evidence was provided at trial to allow the jury to find for InterStar.

Section 6.2 of the Repair Agreement requires InterStar to provide indemnification for any claims or issues that arise from the negligence of its employees, such as Vititoe. The jury heard sufficient evidence from which it could have determined that Vititoe was not negligent, and that something else other than his failure to fully deflate the tire caused the explosion. As there were no eyewitnesses to the accident, and as Vititoe has suffered

memory loss as a result of the accident, it was impossible for either party to construct perfect narrative of the incident for the jury. ECF No. 361, 26:11–15; ECF No. 364, 40:2–8. However, several experts presented alternative theories as to what could have caused the accident other than Vititoe's alleged negligence. ECF No. 368, 131:14–19, 198:16–18, 247:13–20; ECF No. 342, 42:21–43:2. There was evidence presented from which the jury could have determined that Vititoe was in fact in the process of deflating the tire when the rim assembly exploded—notably that the tire valve core had been removed. ECF No. 359 16:22–17:2; ECF No. 364, 29:19–25. Numerous witnesses also testified there the tire had been improperly assembled, had mismatched parts, and was defectively designed, all of which the jury could have believed contributed to the explosive separation. ECF No. 359, 16:22–23, 20:21–21:1, 26:16–28:8; ECF No. 364, 35:21–36:2; ECF No. 366, 147:20–25; ECF No. 367, 107:22–24; ECF No. 368, 142:23–143:3, 160:24–161:9; ECF No. 369, 58:24–59:6, 105:7–17, 122:11–17, 213:13–19, 227:7–10; ECF No. 371, 88:3–89:12. Thus, the court finds that there was enough evidence to support the jury's conclusion that Vititoe was not negligent and that as a result InterStar did not violate § 6.2 of the Repair Agreement.

Section 5.1 of the Repair Agreement requires that InterStar employ "qualified personnel" to complete the repair services. Flexi alleges that InterStar breached this requirement by hiring Vititoe without properly vetting whether he was qualified and without properly training him. The court finds that there was sufficient evidence presented from which the jury could reasonably have determined that InterStar was not negligent in its hiring of Vititoe and in its training policies. InterStar presented evidence that it vetted Vititoe by interviewing him regarding his work history, level of experience,

and tire servicing capabilities.  ECF No. 342, 13:7–14:12, 15:7–18:3; ECF No. 361, 18:18–22.  InterStar also presented evidence that it is normal in the industry to learn by observation and hands-on experience, and that InterStar did not need to provide formal training for someone with twenty years of experience.  ECF No. 342, 19:15–18, 20:3–8, 22:17–23, 23:3–6; ECF No. 362, 4:25–5:18, 6:2–12; ECF No.; 367, 65:8–12.

Under Rule 50, the court should only grant judgment as a matter of law if no jury "viewing the evidence in the light most favorable to [the non-movant], could have properly reached the conclusion reached by this jury."  Dennis, 290 F.3d at 644.  "[I]f reasonable minds could differ, [the court] must affirm."  Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (finding that courts should grant judgment as a matter of law only if "there can be but one reasonable conclusion as to the verdict.").  Based on all of the evidence discussed above, viewing it in the light most favorable to InterStar, the court simply cannot conclude that "a reasonable jury could only rule in favor of" Flexi.  Dennis, 290 F.3d at 644.  At the very least, reasonable minds could differ on the outcome, meaning that the court must affirm the jury's decision.

The standard for a new trial under Rule 59 is similarly high.  The court must not ignore the jury's verdict and grant a new trial "unless there were substantial errors in evidentiary rulings or jury charges, or unless the evidence . . . is so one-sided that reasonable people could not disagree on the verdict."  Perrin, 36 F. Supp. 2d at 266.  Flexi has not allaged that there were substantial errors in evidentiary rulings or jury charges.  Thus, it must demonstrate that the evidence in its favor is so one-sided that all reasonable people would find in Flexi's favor.  Flexi has failed to meet this burden.

## IV. CONCLUSION

Based on the foregoing, the court **DENIES** Flexi's motions for judgment as a matter of law or for a new trial.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**August 28, 2018
Charleston, South Carolina**